■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS TYLER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 7, 1975, convicting him of criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts have not been considered. The issue herein is whether defendant was entitled to attempt to show that the crucial prosecution witness' motive to lie was increased because the witness, an indicted codefendant, faced a mandatory life sentence prior to his agreement to testify for the People in exchange for the prosecutor's recommendation that no jail sentence be imposed (i.e., that he would recommend a sentence of life-time probation) on his plea of guilty to a lesser charge. The trial court precluded examination of the mandatory maximum life sentence the codefendant faced on the ground that, if it were introduced, it would reveal to the jury the life sentence defendant faced. Cross-examination was permitted only as to the difference between the minimum sentence for the crime charged (six years) and the minimum sentence for the crime to which the codefendant pleaded (one year). The maximum life sentence the codefendant faced was as significant as the minimum sentence, if not more so. The vital testing of the witness' veracity through cross-examination on this point was impermissibly abridged. Under the circumstances herein, the prosecutor, and not the defendant, must bear the burden that the jury would know that defendant faced the same sentence (cf. *Davis v Alaska,* 415 US 308, 320). Upon the new trial, the jury should not be instructed, as it was here, that the People may prevail upon proof of guilt "to a reasonable certainty". Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY TYRONE WILLIAMS, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered March 10, 1975, convicting him of robbery in the first degree and grand larceny in the second degree, upon a jury verdict, and imposing sentence. Case remanded to the County Court to hear and report on the issue whether either the prearraignment or postindictment delay was occasioned by the District Attorney. Appeal held in abeyance in the interim. The People have not furnished a valid explanation for the delays. Margett, Acting P. J., Damiani, Rabin, Shapiro and Titone, JJ., concur.