■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES KING and DUPREE KING, Appellants.—Appeal by defendants, a husband and wife, from two judgments (one as to each of them) of the Supreme Court, Kings County, both rendered November 17, 1975, convicting them of selling a controlled substance in the second degree, upon a jury verdict, and imposing sentence. Judgments reversed, on the law, indictments dismissed, and cases remanded to Criminal Term for the purpose of entering an order in its discretion pursuant to CPL 160.50. The transaction in question took place on 116th Street in New York County. However, the crime was prosecuted, and conviction obtained, in Kings County. On the morning of October 7, 1974, an undercover police officer approached Ms. Fowler, a suspected narcotics dealer, at a methadone clinic in Kings County. She had no drugs, but offered to assist him in finding some. The two drove from the

clinic to a bar in Kings County. She went into the bar while the officer remained outside in his car. While in the bar Ms. Fowler met defendant Charles King, with whom she was acquainted. She explained to him that a friend was interested in procuring some drugs and that there might be something in it for them. He agreed to try to help her, although he had no drugs of his own. No conversation was had with defendant Dupree King at that point. Her husband testified that she was in the bathroom when this conversation took place. Thereafter Ms. Fowler and the defendants left the bar. The undercover officer had no discussion with the defendants at that time. The defendants went directly to their car and the officer and Ms. Fowler followed them in his car. They drove to 116th Street in New York County, where the undercover officer and the defendants met for the first time. Mr. King testified that it was not until they were on their way to 116th Street that he told Dupree of the purpose of their trip. There Mr. King received cash from the officer and told him to wait at the car while he and his wife searched the neighborhood in the hope of finding someone with heroin to sell. He returned some time later with the amount which the officer had requested. At that time the officer thanked Mr. King and Ms. Fowler and gave him $20 and her $10 as a gratuity. We find that Kings County lacked jurisdiction to prosecute this alleged sale. Martuscello, J. P., Damiani, Titone and Shapiro, JJ., concur.