## (June 13, 1978)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CASTRO, Appellant.—Judgment, Supreme Court, Bronx County, rendered October 15, 1974, convicting the defendant, after a jury trial, of two counts of criminally selling a dangerous drug in the third degree, unanimously reversed, on the law and as a matter of discretion in the interest of justice, and case remanded for a new trial. The defendant was convicted on two counts for selling quantities of cocaine to an undercover police officer on March 26 and April 3, 1973. The officer had allegedly been introduced to the defendant by a confidential informant. The defendant's conviction at trial rested almost exclusively on the damaging testimony of the undercover officer. The court denied the defendant's motion to compel the disclosure of the informant's identity. Likewise, the court sealed the courtroom during the officer's entire testimony and for a portion of the testimony of a subsequent witness for the prosecution. The prosecutorial privilege of withholding the identity of an informant in a particular proceeding is a strictly limited one. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way *(Roviaro v United States,* 353 US 53, 60, 61). The truly crucial factor in every case is the relevance of the informer's testimony to the guilt or innocence of the accused *(People v Goggins,* 34 NY2d 163, 170; *People v Singleton,* 42 NY2d 466, 469). The officer testified at trial that he alone had witnessed both sales with the defendant. At the hearing held in a precinct during trial, the informant stated that he had witnessed the first sale and had seen money exchange hands at the second sale. In the background of defendant's denial that he had ever seen the undercover officer prior to trial, the discrepancy in the testimony of the officer and the informant became critical on the issue of the officer's credibility. Thus, the trial court erred in not permitting the defense to impeach the officer's version of the events with the informant's account thereof. Had the informant testified at trial, the jury might well have reached a different verdict with regard to the defendant's guilt on the sales counts. The trial court also committed error in sealing the courtroom in contravention of the defendant's Sixth Amendment right to a "public trial" *(People v Boyd,* 59 AD2d 558). The right to a public trial is not an absolute right *(People v Garcia,* 51 AD2d 329, 331, affd 41 NY2d 861). However, the inherent discretionary power of a trial court to close a courtroom should be sparingly exercised, and then, only when unusual circumstances necessitates it *(People v Hinton,* 31 NY2d 71, 75, 76). Upon the representation of the prosecutor that the undercover officer was still engaged in the purchase of narcotics, the trial court sealed the courtroom

for a portion of the trial. However, at trial, the officer testified that in October of 1973, he had been transferred from The Bronx Narcotics Division to the Joint Federal Task Force. Concededly, the officer had worked "at times" in The Bronx, but at trial, he admitted that he had not done any undercover work in The Bronx in over a six-month period. In short, the record does not disclose any unusual circumstances that would warrant the deprivation of defendant's right to a public trial to protect the undercover officer's safety *(People v Richards,* 48 AD2d 792). For the foregoing errors, the judgment is reversed and a new trial ordered. Concur—Murphy, P. J., Lupiano, Birns and Lynch, JJ.; Silverman, J., concurs in the result only.