■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL CULLEN, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered September 9, 1976, convicting him of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, indictment dismissed and case remitted to the County Court, Nassau County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Defendant agreed in Nassau County to assist a confidential informant in obtaining several pounds of peyote. Defendant, the informant, and a Nassau County undercover officer then drove to New York County in the officer's car pursuant to directions given by the defendant. Upon arriving in Greenwich Village defendant instructed the officer to park his car while he went to obtain the peyote with $120 provided by the officer. He returned to the car with a brown paper bag containing the drug and handed it to the officer. From there the three men drove back to Nassau County. On these facts, the jury found defendant not guilty of the crimes of criminal sale of a controlled substance in the second degree and criminal possession of a controlled

substance in the third degree. Apparently, it found some merit in defendant's agency defense. The only crime of which defendant was convicted took place entirely in New York County. His possession began and terminated there. Nassau County therefore lacked jurisdiction to prosecute defendant for that crime (see *People v King,* 61 AD2d 1035). Latham, J. P., Suozzi, Gulotta, Shapiro and Cohalan, JJ., concur.