THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PILGRIM, Appellant.

Second Department, April 30, 1979

APPEARANCES OF COUNSEL

*Matthew Muraskin (Leslie P. Rudman* and *Michael J. Obus* of counsel), for appellant.

*Denis Dillon, District Attorney (Robert M. Nigro* and *William C. Donnino* of counsel), for respondent.

OPINION OF THE COURT

O'CONNOR, J. P.

This is an appeal by the defendant from a judgment of the County Court, Nassau County, convicting him of one count each of criminal sale of a controlled substance in the first and second degrees and four counts of criminal sale of a controlled substance in the third degree, upon a jury verdict. The judgment should be affirmed.

By counts one and four of a Nassau County indictment, the defendant was charged with the unlawful "sale" of a controlled substance in the first and second degrees, respectively, in Nassau County. Although the negotiations which led to the exchange of drugs and cash took place in Nassau County, the actual transfer took place in New York County. The defendant has challenged his convictions under counts one and four of the indictment on the ground that Nassau County lacked the geographical jurisdiction to prosecute the crimes. He reasons that since the transactions took place in New York County, such county alone was the proper venue. Defendant is incorrect.

CPL 20.40 (subd 1, par [a]) endows a county with geographic jurisdiction to prosecute an accused where, *inter alia,* an element of the crime charged was committed within such county. A person commits the crimes of criminal sale of a controlled substance in the first and second degrees when he "knowingly and unlawfully sells" various compounds and/or quantities of controlled substances (Penal Law, §§ 220.41, 220.43). The statutory definition of the word "sell" includes, in addition to the commonplace meaning of the word, the mere offer or agreement to sell (Penal Law, § 220.00, subd 1; see *People v Jones,* 63 AD2d 582, 583).

I do not concur in the conclusion of my learned brother Mr. Justice SHAPIRO who, in discussing subdivision 1 of section 220.00 of the Penal Law, states in his dissent that "this case was not tried on that theory and was submitted to the jury solely on the theory of a *completed sale* in New York County."

As a matter of fact, the trial court in its instructions to the jury carefully explained the charges against the defendant and read to the jurors the definition of the word "sell", specifically pointing out that under the terms of subdivision 1 of section 220.00 an offer to sell may constitute a sale. The People's case, as presented, established that two agreements to sell had been made in Nassau County and that the actual transfer of the money and drugs took place in New York County. Under the court's charge, the jurors could properly find that the defendant had committed the crimes charged in that he did in fact "sell" controlled substances in Nassau County. Although, as noted, the actual transfers did occur in New York County, that fact does not serve to alter the theory upon which the case was tried, which may be clearly inferred from the People's proof and the definition of the crime as set forth in the appropriate section. The situs of the actual transfers in New York County does not deprive Nassau County of its properly found geographical jurisdiction. The additional proof of the actual transfers in New York County subsequent to the commission of the crimes charged and pursuant to the agreements reached in Nassau County, merely served to firmly establish the defendant's intent and ability to act on his word and carry out the agreement and was, therefore, properly and necessarily placed before the jurors (cf. *People v King,* 61 AD2d 1035).

The other contentions raised on appeal by defendant have been considered and have been determined to be without merit.

SHAPIRO, J. (dissenting). I dissent and would modify the judgment by reversing the convictions of criminal sale of a controlled substance in the first and second degrees under the first and fourth counts of the indictment, and dismissing the said counts.

In my opinion the County Court of Nassau County had no jurisdiction over the crimes set forth in counts one and four. The sales upon which those two counts are predicated took place in New York County and I fail to find any basis for their prosecution in Nassau County. Although the definition of "sell" contained in subdivision 1 of section 220.00 of the Penal Law includes "offer" to sell, this case was not tried on that theory and was submitted to the jury solely on the theory of a completed sale in New York County. The District Attorney, in a letter sent to this court after the argument of the appeal,

contends: "Therefore, the uncontroverted evidence that John Pilgrim offered and agreed to sell heroin in Nassau County is, at the very least, sufficient to confer jurisdiction on the County Court. This would be so, even if this Court did not determine that the offer and agreement constituted a 'sale' sufficient to support a conviction." That argument completely lacks merit.

Under the circumstances, I find no need here to reach the question of what proof would be sufficient to make out a crime based upon an "offer" to sell.

The Trial Judge did not submit the question of jurisdiction to the jury and the District Attorney argues that the defendant may not raise that question on this appeal since he did not object to the charge. He is in error for two reasons: (1) lack of jurisdiction in the court which appears on the face of a record, as it does in this case, may be raised for the first time on appeal; and (2) the defendant, by numerous motions during the trial, raised the jurisdictional issue and thus preserved the question for review by this court.

RABIN and GULOTTA, JJ., concur with O'CONNOR, J. P.; SHAPIRO, J., dissents and votes to modify the judgment by reversing the conviction of criminal sale of a controlled substance in the first and second degrees, and the sentences imposed thereon, and dismissing the said counts, with an opinion.

Judgment of the County Court, Nassau County, rendered June 29, 1977, affirmed.