◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK COUSART, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered June 4, 1975, convicting him of criminal sale of a controlled substance in the first and second degrees, and criminal possession of a controlled substance in the first and third degrees, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, the fourth count of the indictment, charging criminal possession of a controlled substance in the first degree, is dismissed and a new trial is ordered as to the remaining counts of the indictment. No issue has been presented with respect to the sufficiency of the facts upon which the convictions were based. The convictions herein arose from two alleged sales of heroin by defendant to an undercover police officer. The first sale, upon which the third degree possession and second degree sale counts were predicated, occurred on February 13, 1974 in Richmond County. The second sale, upon which the first degree counts of possession and sale were predicated, took place on June 25, 1974 in New York County. However, the latter transaction had

been preceded by negotiations and a definite agreement to sell made in Richmond County between the defendant and the undercover officer. The first degree possession count, which related to the June 25, 1974 sale, must be dismissed because there was no evidence that the defendant possessed the controlled substance in Richmond County and, hence, jurisdiction to prosecute the defendant in Richmond County on that count did not exist (see CPL 20.40; *People v Cullen,* 65 AD2d 594). However, jurisdiction to prosecute the defendant on the first degree sale count with respect to that transaction did lie in Richmond County, for although the actual exchange took place in New York County, an agreement to effectuate the transaction was reached in Richmond County, and an offer or agreement to sell is a "sale" within section 220.00 of the Penal Law. Consequently, an element of the offense of criminal sale of a controlled substance took place in Richmond County, and the crime could be prosecuted therein (see CPL 20.40; *People v Pilgrim,* 67 AD2d 554). *People v King* (61 AD2d 1035) is distinguishable, because no definite offer or agreement to sell was made in the county in which that prosecution took place. A new trial must be held as to the remaining counts. Prior to the testimony of the undercover police officer, who was the chief prosecution witness, the Assistant District Attorney requested that the courtroom be closed. The court did not hold a hearing or inquiry on the application and, indeed, took no testimony from the undercover officer relative thereto. The sole reason given supporting the request was the following statement by the prosecutor: "Your Honor, of course, the purpose for the exclusion is the safety and protection of this police officer, working in an undercover capacity. He is still active in various parts of the City." The courtroom was thereupon ordered cleared and sealed. This constituted a denial of defendant's right to a public trial under the Sixth Amendment to the United States Constitution (see *People v Boyd,* 59 AD2d 558). Closure is indeed authorized when compelling reasons therefor are duly presented to the court (see *People v Hinton,* 31 NY2d 71), but "no closing can be tolerated that is not preceded by an inquiry careful enough to assure the court that the defendant's right to a public trial is not being sacrificed for less than compelling reasons" *(People v Jones,* 47 NY2d 409, 414-415). This standard was not satisfied herein. It was also error for the Trial Judge to charge the jury that it could convict if it was "morally and reasonably certain" of defendant's guilt, and that it should acquit if it had "a substantial doubt" as to his guilt (see *People v Tyler,* 54 AD2d 723). In view of the foregoing, we do not reach defendant's other contentions except to note that summary reversal is not required. Damiani, J. P., Titone, Margett and Martuscello, JJ., concur.