■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL CULLEN, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered September 9, 1976, convicting him of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. By order dated October 16, 1978, this court reversed the judgment, on the law, and dismissed the indictment (see *People v Cullen,* 65 AD2d 594). By order dated May 6, 1980, the Court of Appeals reversed the order of this court, reinstated the indictment, and remitted the case to this court for further proceedings in accordance with the opinion of the Court of Appeals (50 NY2d 168). Judgment reversed, on the law, and new trial ordered. We have reviewed the record, as directed by the Court of Appeals, and are of the view that the jury's implicit finding, in accordance with the Trial Judge's instruction, that Nassau County had jurisdiction of the offense of possession was not against the weight of the evidence. Accordingly, the indictment cannot be dismissed. However, pursuant to the very same decision of the Court of Appeals, defendant is entitled to a new trial on a completely separate ground. Defendant was arrested pursuant to an arrest warrant, and although he was advised of his constitutional rights at police headquarters and purportedly waived them, defendant was not provided with counsel during the subsequent interrogation when he made an inculpatory statement to the police. Since the Court of Appeals, in the recent decision of *People v Samuels* (49 NY2d 218), has held that a defendant cannot waive his right to counsel in the absence of counsel after being arrested pursuant to an arrest warrant, defendant is entitled to a new trial at which time his admissions to the police must be suppressed (see *People v Cullen, supra; People v Samuels, supra).* Mollen, P. J., Hopkins, Damiani, Gulotta and Cohalan, JJ., concur.