**STATE of Minnesota, Respondent,**

v.

**Alphonso WHITE, Appellant.**

No. 50872.

Supreme Court of Minnesota.

Dec. 26, 1980.

C. Paul Jones, Public Defender, and J. Christopher Cuneo, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Asst. County Atty., and Thomas A. Weist, Minneapolis, for respondent.

SHERAN, Chief Justice.

Defendant was tried in district court on charges of burglary, aggravated robbery, aggravated assault, and criminal sexual conduct in the first degree. The jury found defendant guilty of the burglary and robbery charges but not the other two charges. The trial court sentenced defendant to concurrent prison terms of 1 year and 1 day to

20 years for the two offenses. On this appeal from judgment of conviction defendant contends that he is entitled to an outright reversal because the evidence of his guilt was legally insufficient. Alternatively, he seeks a new trial because the prosecutor failed to disclose exculpatory impeachment evidence bearing on the credibility of a key prosecution witness, the trial court restricted defendant's right to cross–examine another key prosecution witness in violation of defendant's right to confront witnesses, and the trial court prejudicially erred in its instructions. We affirm.

■ 1. There is no merit to defendant's first contention that the evidence of his guilt was legally insufficient. While the victims were unable to identify defendant as one of the six men who broke into their house and robbed and assaulted them, there was other evidence identifying defendant as one of the six, specifically (a) the testimony of one of the accomplices to the crime, Michael Davis, (b) the testimony of Carolyn Roberts, a female friend of one of the six, to whose house the six came after the incident and to whom defendant made incriminating admissions, and (c) the testimony of defendant, which was not completely exculpatory but placed him at the scene of the offense.

■ 2. One of defendant's main contentions on appeal is that his right to due process was violated by the prosecutor's failure to disclose to defense counsel that Ms. Roberts was, at least in part, motivated to contact the police and testify by a desire to collect a reward. We agree that the testimony could have been used by the defense as part of an attempt to impeach Ms. Roberts and that prosecutor should have provided defense counsel with the information even though defense counsel did not specifically request it. See United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). However, applying the appropriate test set forth in Agurs for this particular situation, we conclude that the evidence does not create a reasonable doubt which did not otherwise exist as to defendant's guilt and that therefore a reversal is not required. See State v. Clark, 296 N.W.2d 359 (Minn.1980).

■ 3. Defendant next contends that the trial court's refusal to let defense counsel cross–examine Michael Davis about the maximum prison term he faced if he had not obtained a favorable plea bargain violated defendant's constitutional right of confrontation. Representative cases on both sides of this issue are People v. Tyler, 54 A.D.2d 723, 387 N.Y.S.2d 478 (1976), and People v. Lake, 61 Ill.App.3d 428, 18 Ill.Dec. 900, 378 N.E.2d 364 (1978). While we believe that the defendant's interest in fully cross–examining the witness outweighed the state's interest in not letting the jury indirectly learn the maximum prison term to which defendant would be subjected if convicted, we do not believe that defendant's right of confrontation was violated. Unlike Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), defense counsel here was not prevented from exploring the witness's motivation to lie. The jury learned that the witness was an accomplice to the crime, that he had been promised a 5–year prison term if he turned state's evidence and that this was lenient treatment. The jury also learned, from question to which the prosecutor objected, that the maximum prison sentence for burglary was 20 years. Under all the circumstances, we do not believe it can be said that defendant's right of confrontation was denied.

4. Defendant's final contentions relate to the instructions.

■ (a) As to defendant's contention that the trial court erred in instructing the jury that there was no question but that the building entered was a "dwelling," we need say only that–while trial courts should be "extremely reluctant" to give such instructions, see State v. Carlson, 268 N.W.2d 553 (Minn.1978)–the instruction clearly was not prejudicial because the building obviously was a dwelling and defendant never contended otherwise.

■ (b) Defendant's other contention is that the trial court should have more clearly instructed the jury that it could not find defendant guilty of the charge of aiding and abetting burglary of a dwelling while armed with a dangerous weapon unless the

jury specifically found that defendant reasonably foresaw when he aided the burglary that an accomplice would be armed with a dangerous weapon. Defense counsel, by failing to object, is deemed to have forfeited his right to have this issue considered on appeal. We note, also, that the prosecutor in closing argument conceded that the state had to specifically prove this point.

Affirmed.