Appellant Jimmy Howard Self was found guilty of trafficking in cocaine, in violation of the Alabama Controlled Substances Act. He was sentenced to fifteen years' imprisonment without parole and fined $250,000.
The relevant facts show that an informant implicated appellant in the sale of a large quantity of cocaine. When confronted by law enforcement authorities, appellant confessed. The record reveals in detail that a complete and proper Miranda
predicate was laid before appellant made his statement. Self indicated that he understood his rights before he waived them, and the testimony is clear that he was in no way induced to make the statement. His waiver and his confession were reduced to writing, and he signed them in the presence of witnesses.
Sergeant Howard Brooks of the United Narcotics Detail Operation, who was present at the time Self made his confession, indicated that he read appellant a copy of the trafficking statutes. Sections 20-2-80 and 20-2-81, Code of Alabama 1975, read as follows:
§ 20-2-80:
"Except as authorized in chapter 2, Title 20:
 (1) Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, in excess of one kilo or 2.2 pounds of cannabis is guilty of a felony, which felony shall be known as `trafficking in cannabis.' If the quantity of cannabis involved:
 a. Is in excess of one kilo or 2.2 pounds, but less than 2,000 pounds, such person shall be sentenced to a mandatory minimum term of imprisonment of three calendar years and to pay a fine of $25,000.00.
 b. Is 2,000 pounds or more, but less than 10,000 pounds, such person shall be sentenced to a mandatory minimum term of imprisonment of five
calendar years and to pay a fine of $50,000.00.
 c. Is 10,000 pounds or more, such person shall be sentenced to a mandatory minimum term of imprisonment of 15 calendar years and to pay a fine of $200,000.00.
 (2) Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine or of any mixture containing cocaine, described in section 20-2-25 (1), is guilty of a felony, which felony shall be known as `trafficking in cocain.' If the quantity involved:
 a. Is 28 grams or more, but less than 200 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of three calendar years and to pay a fine of $50,000.00.
 b. Is 200 grams or more, but less than 400 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of five calendar years and to pay a fine of $100,000.00.
 c. Is 400 grams or more, such person shall be sentenced to a mandatory minimum term of imprisonment of 15 calendar years and to pay a fine of $250,000.00.
 (3) Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, four grams or more of any morphine, opium, or any salt, isomer, or salt of an isomer thereof, including heroin, as described in section 20-2-23 (2) or section 20-2-25-(1)a, or four grams or more of any mixture containing any such substance, is guilty of a felony, which felony shall be known as `trafficking in illegal drugs.' If the quantity involved:
 a. Is four grams or more, but less than 14 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of three calendar years and to pay a fine of $50,000.00. *Page 980 
 b. Is 14 grams or more, but less than 28 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 10 calendar years and to pay a fine of $100,000.00.
 c. Is 28 grams ore more, such person shall be sentenced to a mandatory minimum term of imprisonment of 25 calendar years and to pay a fine of $500,000.00."
§ 20-2-81:
 "(a) Notwithstanding the provisions of chapter 22, Title 15, with respect to any person who is found to have violated this article, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall such person be eligible for parole prior to serving the mandatory minimum term of imprisonment prescribed by this article.
 (b) The prosecuting attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of this article and who provides substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, coconspirators, or principals. The arresting agency shall be given an opportunity to be heard in aggravation or mitigation in reference to any such motion. Upon good cause shown, the motion may be filed and heard in camera. The judge hearing the motion may reduce or suspend the sentence if he finds that the defendant rendered such substantial assistance. (Acts 1980, No. 80-587, p. 926.)"
The only issue raised by this appeal is whether the trial court erred when it refused to allow appellant to read the trafficking statutes to the jury during trial. Self claims that this denial abrogated his constitutional right of cross-examination by limiting his inquiry concerning the circumstances surrounding his confession.
We cannot agree. The record is unclear exactly when Sergeant Brooks read appellant the trafficking statutes. However, Brooks's testimony implies that the statutes were read after the confession was made, as evidenced by this portion of the record:
 "Q. The he [appellant] was promised some help if he would cooperate?
"A. After the statement was made."
Brooks repeatedly testified that no inducement was made to appellant to secure his confession. Since the record lays a proper voluntariness predicate for the admission of Self's confession, we can find no relevant purpose in reading the Code section in question to the jury. Clearly the references to sentencing contained within the statutes are improper jury considerations, since sentencing lies within the exclusive realm of the trial court. See § 13A-5-1, Code of Alabama 1975.
We must conclude, therefore, that no error was committed by the trial judge, and the judgment of the lower court is due to be affirmed.
AFFIRMED.
All the Judges concur.