■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN CATALANOTTE, Also Known as STEVEN CATALONOTTE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered May 22, 1986, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant contends that the court erroneously adjudicated and sentenced him as a second felony offender because his 1971 predicate felony conviction was obtained in violation of his constitutional right to a public trial. In the 1971 case, the trial court summarily closed the courtroom during the testimony of an undercover officer after a request from the prosecutor to take judicial notice of the jeopardy such agents are subjected to by reason of their occupation. On the defendant's direct appeal from the 1971 judgment of conviction, that issue was raised and rejected, on the merits, by a majority of this court *(see, People v Catalanotte,* 41 AD2d 968) and by the Court of Appeals *(see, People v Catalanotte,* 36 NY2d 192). Subsequently, in *People v Jones* (47 NY2d 409, *cert denied* 444 US 946), the Court of Appeals held that it was reversible error to summarily close the courtroom merely because a witness was an undercover officer. In requiring a factual showing that an exception to the norm of a public trial was justified, the Court of Appeals declared a new constitutional rule of criminal procedure, i.e., "no closing can be tolerated that is not preceded by an inquiry careful enough to assure the court that the defendant's right to a public trial is not being sacrificed for less than compelling reasons" *(People v Jones, supra,* at 414-415). Whether the sentencing court, in adjudicating the defendant a second felony offender, correctly concluded that the defendant was collaterally estopped from contending that his prior conviction was violative of his constitutional right to a public trial in a proceeding pursuant to CPL 400.21 (7) (b), is dependent upon the degree of retroactivity to be accorded the *Jones* rule.

"[T]he Constitution neither prohibits nor requires [that] retrospective effect" be given to any new constitutional rule *(Linkletter v Walker,* 381 US 618, 629; *see, United States v Johnson,* 457 US 537, 542). Under the historic common-law doctrine, "a case decided on direct appeal always received the benefit, or detriment, of any decisional law 'pronounced' before its judgment became final * * * However, once a judgment had become final, it was not affected by law freshly 'pronounced' thereafter" *(People v Morales,* 37 NY2d 262, 268; *People ex rel. Julio v Walters,* 88 AD2d 259, 263, *appeal dismissed* 58 NY2d 881). During the 1960's, the United States Supreme Court, especially in cases involving deprivations of constitutional due process rights under the Fourteenth Amendment in criminal cases, began to employ retroactivity in expanded and varied forms. In some cases, it enlarged upon the traditional application to permit collateral attack on

judgments of conviction which had long been final (i.e., complete retroactivity). In others, it adhered to the common-law rule of applicability only to judgments still pending on direct appeal, and in still others, the new rule was to apply prospectively only to cases as yet untried *(see, People v Morales, supra,* at 267-268).

When a decision of the court merely applies settled precedents to new and different factual situations, the decision is generally accorded retroactivity because it has not altered the rule of the earlier case in any material way. Conversely, when a new rule of criminal procedure is a "clear break with the past" *(Desist v United States,* 394 US 244, 248), courts almost invariably have found such a "newly minted principle nonretroactive", unless full retroactivity is a necessary adjunct to a ruling that a trial court lacked authority to convict or punish a criminal defendant in the first place *(United States v Johnson, supra,* at 549). More recently, the United States Supreme Court rejected the "clear break with the past" exception for applying a new rule for the conduct of criminal prosecutions prospectively only, and held that a rule should apply retroactively to cases on direct review at the time it was announced *(see, Griffith v Kentucky,* 479 US 314, —, —, 107 S Ct 708, 716).

While the Court of Appeals in *People v Jones* (47 NY2d 409, *supra)* did not announce an entirely new and unanticipated principle of law *(see, People v Boyd,* 59 AD2d 558; *People v Castro,* 63 AD2d 891), it did resolve a previously unsettled point of law *(see, e.g., People v Garcia,* 51 AD2d 329, *affd* 41 NY2d 861) pertaining to "the methodology by which a court was to go about the business of determining whether the facts underlying the [closure] application fell within the standards enunciated in the cases [construing the right to a public trial]" *(People v Jones, supra,* at 414). Consequently, the *Jones* rule falls within the middle of two extreme categories; it is neither a decision which merely explicates settled precedents to new and different factual situations, nor is the decision a clear break with the past. Since the *Jones* rule falls within an intermediate position, retroactivity is more appropriately restricted to cases still on direct review at the time the change in the law occurred. A review of case law discloses that appellate courts have applied the common-law doctrine of retroactivity and have given the *Jones* rule retroactive application to all cases on direct review at the time *Jones* was decided *(see, People v Brown,* 79 AD2d 659; *People v Gonzalez,* 74 AD2d 928; *People v Cousart,* 74 AD2d 877; *People v McNa-*

*mee,* 71 AD2d 559). However, we cannot say that the *Jones* rule had such a fundamental impact on the integrity of the fact-finding process as to compel complete retroactivity. Absent manifest injustice, the defendant is not entitled to benefit from the change in the law *(see, People v Pepper,* 53 NY2d 213, *cert denied* 454 US 967). Accordingly, the sentencing court properly adjudicated and sentenced the defendant as a second felony offender *(cf., Burgett v Texas,* 389 US 109, 114). Mollen, P. J., Brown, Rubin and Kunzeman, JJ., concur.