BOWEN, Presiding Judge.
The appellant, Jerry Keith Sanford, was convicted of robbery in the first degree and was sentenced to 25 years’ imprisonment. He raises two issues on this appeal of that conviction.
I
At trial, the appellant called as a defense witness the appellant’s alleged accomplice, Gary Cranston Barnett. Defense counsel questioned Barnett about the robbery, and on each question Barnett invoked his Fifth Amendment right to remain silent. Then, when defense counsel asked Barnett whether the State had made him a plea bargain offer, the State objected, and the trial court sustained the objection.
Initially, we note that it was improper for defense counsel, knowing Barnett planned to invoke the Fifth Amendment, to call him as a witness and question him in an apparent attempt to have the jury draw an inference of his guilt from his assertion of rights. See Garner v. State, 606 So.2d 177, 180-82 (Ala.Cr.App.1992).
The trial court did not err in sustaining the prosecutor’s objection to defense counsel’s question whether the State had offered Barnett a plea bargain. Although the accused has the right to inquire into the terms of any agreement the State has entered into with an accomplice, who testifies against the accused, see Dawkins v. State, 494 So.2d 940, 942-43 (Ala.Cr.App.1986), Barnett did not testify against the appellant. Barnett was called as a defense witness and he gave no testimony of any substance, much less testimony against the appellant.
The reason for the rule allowing the defense to impeach an accomplice with the terms of his plea bargain with the State is “so that the jury may better understand the possible motivations of the accomplice” who testifies against the accused. State v. Donelson, 302 N.W.2d 125, 131 (Iowa 1981), quoted in Dawkins v. State, 494 So.2d at 943. Here, because Barnett did not testify against the appellant, the defense had no right to inquire into Barnett’s agreement with the prosecution.
*778 II
The appellant maintains that a statement he made to law enforcement officers was inadmissible and should have been suppressed because it was not preceded by the warnings required under Miranda v. Arizona, 384 U.S. 436, 477-78, 86 S.Ct. 1602, 1629, 16 L.Ed.2d 694 (1966).
The evidence regarding the making of the statement was in conflict. Piedmont Police Officers Robert Oakes and William Shell testified that about a week before the appellant’s trial they were in the booking room of the Calhoun County jail with the appellant and other inmates when the appellant asked Oakes “why Craig Coogler was not going to be charged with aiding and abetting [in the instant robbery] ... because Craig had bought the bullets and knew what they were going to do.” R. 97. Officers Shell and Oakes stated that they had not questioned the appellant or directed any comments to him before he made this statement. On the other hand, the appellant testified that Officer Oakes initiated the encounter by saying to the appellant:
“ T guess you and Cranston would like to have Coogler down here with you.’ [The appellant] said, ‘What do you mean? ... And [Officer Oakes] said, ‘Yeah [Coogler] give a statement up there in Piedmont that he bought the bullets for y’all to rob that store with.’” R. 153.
The appellant'testified that in response to Oakes’s last comment, he asked, “If they charged me with aiding and abetting and [Coogler] bought the bullets for this robbery ... how come he wasn’t charged as well as I?”’ R. 153.
Given the conflicting testimony, “[t]he trial court was at liberty to believe the [police officers] as to the making of the statement and the circumstances under which it was made.” Beecher v. State, 56 Ala.App. 212, 221, 320 So.2d 716, 724 (1974), reversed on other grounds, 294 Ala. 674, 320 So.2d 727 (1975). “The court having formed such belief, the finding of a spontaneous, voluntary [statement] was proper. An unsolicited remark, not in response to any interrogation does not fall within the rule of Miranda v. Arizona, supra.” Id. Accord Sheely v. State, 629 So.2d 23, 29-30 (Ala.Cr.App.1993), and authorities cited therein.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.