OPINION OF THE COURT
Francis A. Affronti, J.
The defendant, pro se, by notice of motion dated December 29, 1994, seeks an order of this court pursuant to CPL 440.10 (1) (h), vacating the judgment of Supreme Court, Monroe County (Cornelius, J.), entered August 9, 1989, convicting him, following a jury trial, of the crimes of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree, and unlawful possession of marihuana. Following said conviction, he was sentenced to an indeterminate term of imprisonment with the New York State Department of Correctional Services for a minimum of 15 years and a maximum of life on the criminal sale, three years to life on the criminal possession, and a $100 fine on the unlawful possession of marihuana, all to run concurrently.
Defendant’s principal contention is that his conviction of criminal sale of a controlled substance in the first degree (Penal Law § 220.43 [1]) must be vacated because it was not supported by legally sufficient evidence establishing that he *105 possessed the requisite knowledge as to the weight of the cocaine, within the statutory meaning, as recently construed by the Court of Appeals in People v Ryan (82 NY2d 497), decided December 16, 1993. The Ryan decision followed the Appellate Division, Fourth Department’s affirmance of the defendant’s conviction on December 30, 1992 and the subsequent denial of his leave to appeal by the Court of Appeals on March 24, 1993. (See, People v Peterson, 188 AD2d 1002, lv denied 81 NY2d 891.) Therefore, a threshold issue is presented as to whether Ryan (supra) shall be accorded full or complete retroactive effect, so as to now apply the mandates of said decision after defendant’s direct appeal has been exhausted.
The Appellate Division, Fourth Department, has held that Ryan should be retroactively applied to those cases on direct appeal (see, People v Lawrence, 204 AD2d 969; see also, People v Cooper, 204 AD2d 24 [1st Dept]; cf., People v Douglas, 205 AD2d 280, 291 [1st Dept] ["Ryan * * * should be applied prospectively to those possession cases in which the date of conviction is after the release date of People v Ryan (supra). ”]).
Absent manifest injustice, however, retroactive application of a judicial decision should not be given to those cases where the normal appeal process has ended. (See, People v Pepper, 53 NY2d 213, 222; People v Robles, 42 NY2d 1051; People v Catalanotte, 137 AD2d 697, affd 72 NY2d 641, cert denied 493 US 811; see also, People v Byrdsong, 161 Misc 2d 232.)
In this regard, the defendant does not allege that his attorney objected to the trial court’s failure to charge the jury that defendant’s knowledge of the weight of the controlled substance had to be proven by the People. A violation of due process does not occur where "there is evidence from which a rational trier of fact could find the essential elements of the crime as those elements were charged to the jury without exception beyond a reasonable doubt. There is neither constitutional nor jurisprudential error in permitting guilt to be determined under a penal statute as construed by the common assumption of both attorneys and the court. To hold otherwise is to encourage gamesmanship and waste judicial resources in order to protect a defendant against a claimed error protection against which requires no more than a specific objection on his part.” (People v Dekle, 56 NY2d 835, 837; see also, People v Perez, 162 Misc 2d 750 [Sup Ct, Kings County].)
 Accordingly, this court hereby concludes that no manifest injustice will be caused defendant by the rejection of *106 complete retroactivity. Furthermore, denial of defendant’s collateral attack on the judgment of conviction is required because on direct appeal he unjustifiably failed to specifically challenge the legal sufficiency of the trial evidence establishing his knowledge of the weight of the drugs. (See, People v Logan, 74 NY2d 859; People v Cooks, 67 NY2d 100; People v Cona, 49 NY2d 26; People v Perez, supra.) Defendant’s contention regarding the inadequacy of the trial court’s charge concerning his knowledge of the weight is also foreclosed, since defendant failed to preserve such objection. (See, People v Napoli, 212 AD2d 1022 [4th Dept, Feb. 3, 1995].)
As regards defendant’s claim of ineffective assistance of counsel, such an issue is properly raised through a CPL article 440 motion when based upon events occurring "outside [of] the record.” (See, People v Perez, 198 AD2d 540, 541; emphasis added.) However, "to the extent * * * defendant’s motion [is] based on a claim previously advanced on direct appeal, or upon facts appearing in the record which could have been raised on direct appeal,” such claim is properly denied pursuant to CPL 440.10 (2) (see, People v Hernandez, 191 AD2d 511, 512). In the instant case, the Appellate Division, Fourth Department, rejected defendant’s claim that he was denied effective assistance of counsel due to counsel’s alleged inadequate cross-examination of prosecution witnesses and his faulty application of "renunciation” as a defense. Additionally, defendant’s argument regarding trial counsel’s failure to call a particular witness is conclusory, and, therefore, insufficient. (See, People v Harris, 131 AD2d 142.)
Accordingly, and upon the above, the defendant’s motion is denied in its entirety, and it is further ordered, that based upon this decision, the defendant’s request that he be allowed to proceed as a poor person (CPLR 1101, 1102), and that he be assigned counsel, is denied in its entirety.