■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIOLET M. BRAYLEY, Appellant. [695 NYS2d 832] —Order unanimously affirmed. Memorandum: County Court properly denied the motion of defendant pursuant to CPL 440.10 to vacate the 1981 judgment convicting her of murder in the second degree (Penal Law § 125.25) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01) on the ground that the court's instructions to the jury on reasonable doubt were erroneous. The court was required to deny defendant's motion because the jury charge appears on the trial record, and the issue could have been raised on defendant's direct appeal (*see,* CPL 440.10 [2] [c]). Furthermore, the motion is the third CPL 440.10 motion that defendant has brought since her conviction, and, upon her earlier motions, "defendant was in a position adequately to raise the * * * issue * * * but did not do so" (CPL 440.10 [3] [c]). We reject the contention of defendant that she was justified in failing to raise the issue earlier (*see, Waldrop v Jones,* 77 F3d 1308, 1315-1316, *reh denied* 85 F3d 645, *cert denied* 519 US 898; *Roman v Abrams,* 822 F2d 214, 222-223, *cert denied* 489 US 1052, *reh denied* 490 US 1014). It has been long recognized that the use of the phrase "reasonable certainty" in explaining the concept of reasonable doubt is an error that could result in the reversal of a judgment of conviction (*see, People v Cousart,* 74 AD2d 877, 878; *People v Lanni,* 73 AD2d 538; *People v Cavallerio,* 71 AD2d 338, 345; *People v Tyler,* 54 AD2d 723; *People v Forest,* 50 AD2d 260, 262; *People v Cotto,* 28 AD2d 1116, 1117). (Appeal from Order of Niagara County Court, Hannigan, J.—CPL art 440.) Present—Pine, J. P., Hayes, Wisner, Scudder and Balio, JJ.