■ In the Matter of ALDEN J. BRIGGS, Respondent, v. BENEDICTUS E. LAUMAN, Individually and as Justice of the Peace of the Town of Ashland, Appellant.— A Justice of the Peace appeals from an order of the Supreme Court at Special Term which directed him to determine within a time fixed motions made by defendant addressed to the sufficiency of three separate informations charging him with violations of the Vehicle and Traffic Law and in the event of their denial to proceed with the trial of the issues. Upon arraignment defendant moved to dismiss the informations on which he was being prosecuted upon the ground that they were jurisdictionally defective. Decision was reserved and the proceedings adjourned. Since his term of office was about to expire the Justice by order dated December 31, 1963 directed the continuance of the criminal matters before another Justice of the same town. (Justice Ct. Act, § 477.) The parties have limited the scope of the appeal to the question whether an article 78 proceeding, as provided in subdivision 2 of section 7801 of the Civil Practice Law and Rules, was properly used to compel the Magistrate to act. The judicial officer may, of course, determine the motions as his judgment dictates. The manner of their disposition is not reviewable in a proceeding such as this. (Matter of Bloeth v. Marks, 20 A D 2d 372.) But duty bound he is to decide them. This becomes manifest when it is realized that an inordinate deferment of the judicial obligation would frustrate the right to a speedy trial guaranteed to an accused in a criminal case. (U. S. Const., 6th Amdt.; Civil Rights Law, § 12; Code Crim. Pro., § 8, subd. 1.) To compel the performance of a purely ministerial act is a reachable objective in a criminal matter under the mandamus provisions of article 78. (Matter of Silver v. Gassman, 6 A D 2d 694, mot. for lv. to app. den. 5 N Y 2d 706; People ex rel. Prosser v. Martin, 306 N. Y. 710.) The time limitations imposed by Special Term do not impress us as unreasonable in the circumstances. Order affirmed, without costs. Settle order. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.