Per Curiam.

Defendant is charged with a violation of section 600 of the Vehicle and Traffic Law. This statute makes it unlawful for the operator of a motor vehicle, knowing that injury has been caused to a person due to his culpability or accident, to leave the place where the injury occurred without properly identifying himself or reporting to the police. There was evidence which, if credited, indicated that the injuries were due solely to the intentional act of the complainant in striking the rearview mirror of a truck operated by defendant. Defendant’s contention that there would be no violation of section 600 if complainant had sustained his injuries in this manner was rejected by the trial court. In our opinion, the broad interpretation of the statute implicit in this ruling is unwarranted. ¡Since the Legislature has seen fit to impose upon a motorist the duty of identifying himself or reporting only in the case of his knowing culpability or accident, we may not read into section 600 any other species of conduct not embraced within either of these specific categories. It is a familiar rule of statutory construction that acts otherwise innocent and lawful do not become criminal unless there is a clear legislative intent to make them criminal (People v. Vetri, 309 N. V. 401, 405-406). Had the Legislature intended to require a motorist to stop and identify himself where any injury resulted, regardless of cause, it would have been a simple matter for the Legislature to employ appropriate language to such effect. Not having done so, we have no choice but to construe the statute as it is written. Accordingly, it is incumbent upon the People to establish that defendant left the scene knowing that complainant sustained injuries attributable to his culpability or accident.
The judgment of conviction should be unanimously reversed on the law and a new trial ordered.
Concur — Schwabtewald, P. J., Rinaldi and Cone, JJ.
Judgment reversed, etc.