■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUFUS BOYD, Appellant.—Appeal by defendant from a judgment of the Supreme

Court, Kings County, rendered July 27, 1976, convicting him of criminal sale of a controlled substance in the first degree (two counts) and criminal possession of a controlled substance in the first degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Appellant and one Hasty Hyman were indicted jointly and charged with six counts of violating various provisions of article 220 of the Penal Law. A first joint trial resulted in an acquittal of Hyman on four of the counts. The jury could reach no verdict as to Hyman on the other two counts or as to appellant on any of the counts. A second joint trial was held, during which a severance was granted to Hyman, and the jury found appellant guilty on all six counts (two of which have merged as lesser inclusory counts). Appellant raises many issues on this appeal. We find that two of the points raised by him are correct and that a new trial is required. The other contentions of appellant need not be considered. The principal and only eyewitness against appellant was Police Officer Veronica Hobbs, who worked as an undercover officer for New York City and who allegedly purchased heroin from him in Brooklyn on two occasions in 1974. She was no longer working for the New York City Police Department at the time of the trial, but was employed as an undercover agent in New Jersey. Her testimony at the second trial continued over several days and is recorded in hundreds of pages of the transcript. Before Officer Hobbs took the stand, the Assistant District Attorney asked that the courtroom be sealed because "the request was made by the present employers of the undercover police officer". Counsel for appellant and counsel for Hyman both vigorously protested this on the ground that there was nothing in the record to justify this abridgement of the right to a public trial. Counsel for Hyman opposed the sealing of the courtroom as an attempt to bolster the People's case by attaching special significance to the testimony of Officer Hobbs. Counsel for appellant asked that a hearing be held on this matter (out of the presence of the jury) and that the trial court not grant the request of the Assistant District Attorney without evidence being presented. The trial court refused to hold a hearing and stated: "I have information from the District Attorney saying she's still acting in an undercover capacity. That being so, the Court will be sealed." This ruling constituted reversible error. The Sixth Amendment to the United States Constitution guarantees to everyone accused of a crime "the right to a speedy and *public* trial" (emphasis supplied). By the Fourteenth Amendment, the States are bound to give the accused these same rights (see *Duncan v Louisiana,* 391 US 145). This same right to a public trial is provided in this State by statute (see Judiciary Law, § 4; Civil Rights Law, § 12). Where this fundamental right has been unjustly abridged, a new trial is mandated "without an affirmative showing of prejudice" (see *People v Jelke,* 308 NY 56, 67). It is true, as respondent contends, that the right to a public trial is not "absolute" and there are exceptions (see, for example, exceptions listed in section 4 of the Judiciary Law), but there are also standards for the closing of the courtroom where an undercover police officer is about to testify. Also, the closing of the courtroom is to be done sparingly and only in unusual circumstances (see *People v Hinton,* 31 NY2d 71). In *People v Hinton (supra),* the Court of Appeals upheld the sealing of the courtroom in a narcotics case because (1) the undercover agent was still operating actively in the community, (2) other narcotics investigations were pending and (3) other targets of these narcotics investigations were present in the courtroom. It is reversible error to close the courtroom summarily if there are no unusual circumstances, the undercover agent was shown to be

only in the same general area and there was no hearing and no finding, but only a brief conclusory recital for relief (see *People v Richards,* 48 AD2d 792, 793; *People v Morales,* 53 AD2d 517; but cf. *People v Rickenbacker,* 50 AD2d 566). *People v Garcia* (41 NY2d 861, affg 51 AD2d 329), relied on by respondent, is distinguishable on its facts. In that case the public was excluded only for a "relatively brief period" while an undercover agent testified. Here, the greater part of a lengthy trial was held in private, and a request for a hearing had been made. The trial court abused its discretion in summarily closing the courtroom, and appellant is entitled to a new trial (see *People v Jelke, supra).* Appellant argues on appeal that the trial court amended the *theory* of the indictment as to all six counts, in violation of CPL 200.70 (subd 1), and thereby changed the strict common-law prohibition against all changes in a Grand Jury indictment by the court or by the prosecution (see *Matter of Bain,* 121 US 1; *Stirone v United States,* 361 US 212). (Appellant raised this objection at the trial only as to two of the six counts.) We find that the words in the indictment "each aiding the other and being actually present" do concern the *theory* of the case as presented to the Grand Jury (although, as respondent points out, the words are not included in the statutory definition of the crimes charged [see *People v Munroe,* 190 NY 435]). The trial court did not have the power to delete or change those words. At the new trial, appellant must be tried on the theory expressed in the original indictment, or be tried on a proper superseding indictment (see *People v Jackson,* 20 NY2d 440; *People v Ercole,* 4 NY2d 617). Martuscello, J. P., Margett, Suozzi and O'Connor, JJ., concur.