■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DAVID CUMMINGS, Appellant.—Judgment of the County Court, Suffolk County, rendered June 22, 1976, affirmed. No opinion. This case is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS VINCENT GARNOT, Appellant.—Judgment of the County Court, Dutchess County, rendered November 10, 1976, affirmed. No opinion. This case is remitted to the County Court, Dutchess County, for further proceedings pursuant to CPL 460.50 (subd 5). Hopkins, J. P., Latham, Margett and Suozzi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESSIE GOLDSTON, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered May 14, 1976, convicting him of robbery in the first degree, criminal possession of a weapon in the second degree and petit larceny, upon a jury verdict, and imposing sentence. Judgment affirmed. We find no error in the admission of defendant-appellant's confession, since it was made voluntarily and with the understanding that he was waiving his *Miranda* rights. While we do not approve of the showup identification of defendant by the victim of the robbery, it is clear that under the totality of the circumstances the admission of the testimony of the showup identification did not constitute reversible error (see *Manson v Brathwaite,* 432 US 98; *People v Logan,* 25 NY2d 184, 191; *People v Smith,* 46 AD2d 639, affd 38 NY2d 882). Further, in view of the "overwhelming proof" of defendant's guilt, we would, in any event, have affirmed the judgment of conviction (see *People v Crimmins,* 36 NY2d 230). Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARDAWAY HEATON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered August 18, 1975, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. The description of the crime alleged in the indictment as filed was erroneous. We have sent for, and have examined, the Grand Jury minutes. We find that the proof before the Grand Jury dealt with heroin, and that the Grand Jury voted an indictment to that effect. Under the circumstances, the motion of the People to amend the indictment so that it read "a quantity of heroin", instead of "a quantity of cannabis sativa" (marijuana), was properly granted. Furthermore, under the circumstances of this case the defendant was not prejudiced or surprised by the amendment. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HOLMES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 10, 1976, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence. Judgment affirmed. The issue of the credibility of the chief prosecution witness was for the jury. The People proved appellant's guilt beyond a reasonable doubt. There is no merit in appellant's other arguments. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.