■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID WARNEY, Petitioner, v JOHN B. WILMOT, as Superintendent of Elmira Correctional Facility, Respondent.—Application for writ of habeas corpus pursuant to CPLR 7002 (subd [b], par 2) denied. Sweeney, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JONATHAN HAWKINS, Also Known as JOHN JORGE and JOHN HAMPTON, Petitioner, v EDWARD HAMMOCK, as Chairman of the Board of Parole, et al., Respondents.—Application for writ of habeas corpus pursuant to CPLR 7002 (subd [b], par 2) denied. Mahoney, P. J., Kane, Staley, Jr., Main and Herlihy, JJ., concur.

## (November 2, 1979)

■ In the Matter of LEO J. GANGL, Petitioner, v BRUCE G. DEAN, as Surrogate Judge of Tompkins County, Respondent.—Proceeding, pursuant to CPLR article 78, to compel the respondent Tompkins County Surrogate to determine certain applications relative to the estate of Paul W. Morgan, deceased, which applications have been pending since May, 1977. Although the voluminous papers submitted contain a myriad of charges and countercharges regarding the conduct of the parties in the underlying estate matter, it appears undisputed that respondent has failed to finally determine, *inter alia,* an application for discovery made by the attorney for Helen—Ruth Miller and a cross motion by petitioner to (1) determine his compensation pursuant to SCPA 2110 and (2) be relieved of further responsibilities in the estate. These matters remain unresolved although the applications were apparently argued before respondent on May 20, 1977 and were finally submitted in July, 1977. The papers further indicate, without explanation, that although decedent died in February, 1969, his will was not admitted to probate until March, 1976. Under the circumstances, we are of the opinion that respondent should be compelled to act on the matters pending before him (cf. *Matter of Briggs v Lauman,* 21 AD2d 734, mot for lv to app den 15 NY2d 481). Petition granted, without costs, and respondent is directed to render a final decision on the applications referred to herein within 30 days of the date of service upon him of a copy of the judgment to be entered on this determination. Sweeney, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.

## (November 5, 1979)

■ In the Matter of HENRY LE GRAND, Petitioner, v JACK R. NEVIL, as Sheriff of Otsego County, Respondent.—Applications for writ of habeas corpus, writ of certiorari and for stay of all proceedings in County Court, Otsego County, denied. Greenblott, J. P., Sweeney, Main, Mikoll and Herlihy, JJ., concur.

## (November 8, 1979)

■ CHARLES L. NIKOLAUS, Doing Business as NIKOLAUS BACKHOE, Re-