*815 OPINION OF THE COURT
William J. Holland, J.
The defendant, Edward Hill, is charged in this six count indictment with two counts of attempted robbery in the second degree (Penal Law, § 160.10, subd 1 [aided by another]), two counts of attempted robbery in the second degree (Penal Law, § 160.10, subd 2 [physical injury to a nonparticipant]) and two counts of assault in the second degree.
Initially, this indictment named another person, in addition to Edward Hill, as a codefendant in this case. However, the charges against this codefendant were dismissed and the court papers as to this individual were sealed pursuant to CPL 160.50.
The prosecution then moved to dismiss the first two counts of attempted robbery in the second degree (aided by another) and this court granted the motion.
The prosecution now moves to amend remaining counts 3, 4 and 6, pursuant to CPL 200.70, by striking out the term "acting in concert” from each of these counts.
The pertinent portion of CPL 200.70 (subd 1) states that an indictment may be amended before trial, by the court "with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits”.
It is true, as the prosecution contends, that the term "acting in concert” is not an essential element of the crimes of attempted robbery in the second degree (Penal Law, § 160.10, subd 2) or assault in the second degree. However, "acting in concert” is still the theory by which the District Attorney’s office presented this case originally to the Grand Jury. The fact that the charges against the codefendant were later dismissed, cannot be the grounds for an amendment, on the eve of trial, to change the "theory” of the prosecution as presented before the Grand Jury. This would certainly prejudice the defendant on the merits in his preparation of this case for trial.
By eliminating the term "acting in concert” from certain counts in this indictment, this would clearly change the theory of the prosecution as reflected by the evidence before *816 the Grand Jury. Instead of having the theory that the two codefendants were acting in concert when they allegedly committed these crimes, the indictment would be changed to make it appear that Edward Hill was the sole perpetrator of these crimes. This would not merely be an amendment of "form”, but an amendment of the "theory” of the prosecution, which is not allowed. This could only be done by a representment of this case to another Grand Jury, and not through amendment under CPL 200.70.
Therefore, the People’s motion to amend counts 3, 4 and 6 by striking out the term "acting in concert” is denied.