■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD COSTON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered July 25, 1977, convicting him of robbery in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Case remitted to Criminal Term to hear and report on the disposition at defendant's first trial of the charge of criminal possession of a weapon in the second degree and appeal held in abeyance in the interim. Criminal Term is to file its report with all convenient speed. In a three-count indictment, defendant was charged with robbery in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree. All charges arose out of the same incident involving defendant and another person. Defendant's first trial ended in jury disagreement. With respect thereto, the record contains the following notation: "Prior to sumation [sic] court submitted count #1—robb 1st & robb 2nd—count #2—assault—*count #3 not to be considered*" (emphasis supplied). Defendant was then retried under the original indictment and convicted of all three offenses. On this appeal, he maintains, *inter alia,* that the double jeopardy clause of the Fifth Amendment to the Constitution of the United States barred a second trial on the charge of criminal possession of a weapon and that, as a result, his conviction for that crime must be reversed. CPL 310.60 (subd 2) provides that a defendant may be retried under the original indictment following the declaration of a mistrial and that "Upon such retrial, the indictment is deemed to contain all the counts which it contained at the time the previous

trial was commenced, regardless of whether any count was dismissed by the court in the course of such trial" (accord CPL 280.20). However, these statutes are valid only as to counts dismissed on grounds that do not preclude reprosecution (*People v Mayo,* 48 NY2d 245, 248, n 1). The record as presently constituted does not disclose whether the court issued a trial order of dismissal as to the weapon possession count (see *People v Zagarino,* 74 AD2d 115) or simply failed to submit that charge to the jury (CPL 300.40, subd 3, par [a]). Nor is there any detail as to the ground or grounds for the trial court's disposition, or the circumstances under which the court acted. Therefore, a hearing is required. Hopkins, J. P., Damiani, Lazer and Cohalan, JJ., concur.