■ In the Matter of NATIONAL AUTO WELD, INC., Appellant, v JAMES J. CLYNES, JR., as Judge of the City Court of the City of Ithaca, et al., Respondents. — Appeal (1) from an order of the Supreme Court at Special Term (Bryant, J.), entered December 3, 1981 in Tompkins County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent City Court Judge to hear an action brought by petitioner in the City Court of Ithaca, and (2) from the judgment entered thereon. Petitioner commenced an action in the City Court of Ithaca on January 7, 1981, seeking payment of $13.91 on an account stated. During the months of May and June, 1981, several hearing and trial dates were set. On June 17, 1981, respondent City Court Judge notified both parties to the action that he intended to dismiss the action because his court was too busy to hear such a claim. An order dismissing the action on the court's own motion was then entered. Petitioner appealed the above order to County Court. However, the appeal was dismissed on the ground that filing procedures were not properly followed. In its decision dismissing the appeal, County Court also noted that in order to accomplish its purpose of compelling City Court to exercise its judicial powers, petitioner should commence a proceeding pursuant to CPLR article 78. Consequently, petitioner commenced a CPLR article 78 proceeding for judgment directing respondent to restore the action to the City Court calendar and to hear it. Special Term dismissed the proceeding and the instant appeal ensued. As a general rule, mandamus will not be granted to review the determination of a public body or officer involving the exercise of discretion (23 Carmody-Wait 2d, NY Prac, § 145:106, pp 585-590). However, mandamus will lie against a judicial officer to compel the performance of a purely ministerial act (*Matter of Legal Aid Soc. of Sullivan County v Scheinman*, 73 AD2d 411, 413, affd 53 NY2d 12; *Matter of Briggs v Lauman*, 21 AD2d 734, mot for lv to app den 15 NY2d 481; *Matter of Keen v Mirabile*, 48 Misc 2d 382). In the instant situation, petitioner's article 78 proceeding for a judgment of mandamus was proper. Petitioner simply sought an order to compel the Judge to hear his claim. The City Court Judge acted without authority when he dismissed petitioner's claim. His reasons for the dismissal included the small amount of the claim, the personal animosity which existed between the lawyers involved, and the court's busy schedule. Although the amount of money at issue is minimal, there is no minimum jurisdictional amount for claims brought in City Court (UCCA, § 201 *et seq.*). And, although a Judge should have discretion to encourage parties to settle petty disputes, such as this, nothing in the UCCA permits the Judge to simply dismiss a claim due to its insubstantiality. Moreover, if the Judge believes the attorneys are acting improperly, he may lodge a complaint about them with the appropriate authorities. Order and judgment reversed, on the law, without costs, petition granted, and respondent directed to restore the subject action to the City Court calendar. Mahoney, P. J., Sweeney, Kane, Main and Yesawich, Jr., JJ., concur.