■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT MUR-RAY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Scholnick, J.), rendered August 18, 1981, upon resentence (the original sentence date being June 26, 1981), convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant was initially tried under an indictment charging him with intentional murder, felony murder (the underlying felony being robbery), robbery in the first degree and criminal possession of a weapon in the second degree. At the conclusion of the evidentiary portion of the trial, the court dismissed the robbery charge for insufficiency of evidence but submitted the remaining counts plus an additional count of attempted robbery to the jury. The court also changed the felony underlying the felony murder count to attempted robbery. There was no objection. The jury acquitted defendant of intentional murder but was unable to reach agreement as to defendant's guilt on the other charges. The retrial involved only the felony murder and possession of weapon counts of the original indictment. At the outset of the second trial, the defendant moved to dismiss the indictment on the ground that retrial of the felony murder count was proscribed by the double jeopardy clause of the Fifth Amendment. The court denied the motion and, on the motion of the prosecution, amended the indictment to charge felony murder based upon robbery or attempted robbery. Neither robbery nor attempted robbery were counts of the indictment at the retrial. Although the opening remarks for the People informed the jury that the underlying felony was robbery or attempted robbery, the court charged the jury as to felony murder with attempted robbery as the underlying felony. The jury convicted the defendant of both counts submitted to it — felony murder and criminal possession of a weapon in the second degree. We believe affirmance is required. The trial court's decision at the first trial to withdraw the first degree robbery count from the jury's consideration on account of insufficient evidence was equivalent to an acquittal and barred further prosecution of that count (*People v Mayo,* 48 NY2d 245, 249; *People v Key,* 45 NY2d 111, 119). However, double jeopardy principles did not bar a new trial on the felony murder count. In felony murder, the underlying felony "functions as a replacement for the *mens rea* or intent necessary for common-law murder" (*People v Berzups,* 49 NY2d 417, 427), but the completion of the underlying felony is not an essential element of felony murder (*People v Ponder,* 77 AD2d 223, 231, affd 54 NY2d 160). The two crimes are " 'substantively and generically entirely separate and disconnected offenses' " (*People v Berzups, supra,* p 427, quoting *People v Nichols,* 230 NY 221, 226), so that an acquittal of the underlying felony is not inconsistent with a conviction of felony murder (*People v Ponder, supra*). Thus, while defendant would have been placed in jeopardy had the robbery count been the subject of retrial, he was not placed in double jeopardy as to the felony murder count merely because an underlying felony at the retrial was robbery or attempted robbery. Defendant also challenges the amendment to the indictment, which added attempted robbery as an underlying felony of the felony murder count. The People contend that the counts presented to the Grand Jury included felony murder, with both robbery or attempted robbery as the underlying felonies, so that the amendment merely corrected a typographical error. The Grand Jury minutes confirm this contention. CPL 200.70 (subd 1) permits the court to order the amendment of an indictment when the amendment "does not change the theory * * * of the prosecution as reflected in the evidence before the grand jury * * * or otherwise tend to prejudice the defendant on the merits." This section permits the court to rectify mistakes when no substantial rights

are infringed (2 Waxner, NY Crim Prac, par 9.9). Here, it is plain from the record that the Grand Jury intended to include both robbery and attempted robbery as underlying felonies of felony murder, and, under the circumstances of this case, the defendant cannot claim to be surprised by the amendment (see *People v Ganett,* 51 NY2d 991; *People v Heaton,* 59 AD2d 704; *People v Baker,* 46 AD2d 377; cf. *People v Boyd,* 59 AD2d 558), especially since the change was also made at the first trial without objection. Moreover, it was unnecessary to amend the indictment at all, since a completed robbery was not a necessary element of felony murder (see *People v Ponder,* 77 AD2d 223, affd 54 NY2d 160, *supra*). Defendant's remaining contentions lack merit. Lazer, J. P., Weinstein, Bracken and Rubin, JJ., concur.