In the Matter of JOHN J. SANTUCCI, as District Attorney of Queens County, Petitioner, v ANN B. DUFFICY, as Justice of the Supreme Court of Queens County, Respondent. — In a proceeding pursuant to CPLR article 78 in the nature of mandamus, petitioner seeks to compel the respondent to permit the prosecution of one Charles Tschupp, a criminal defendant, under the first two counts of Queens County indictment No. 2333-82. Proceeding dismissed, without costs or disbursements. The stay granted by order of this court dated January 5, 1984 is hereby vacated. The extraordinary remedy of mandamus will not lie to review the discretionary determination of a Justice of the Supreme Court barring the attempted reprosecution of a criminal defendant pursuant to CPL 280.20 on those counts of an indictment which, during a criminal trial, had been dismissed on the ground of evidentiary insufficiency prior to the declaration of a mistrial on the remaining count or counts. Contrary to what that statute may provide on its face, the restoration of dismissed counts thereunder is not automatic and may only be accomplished in those instances where the counts under consideration have been dismissed on grounds that do not preclude reprosecution (see *People v Mayo,* 48 NY2d 245, 248, n 1; *People v Murray,* 92 AD2d 617; *People v Coston,* 77 AD2d 908). As a

general rule, mandamus will not lie to review the determination of a body or officer involving an exercise of discretion, as opposed to compelling the performance of a purely ministerial act (CPLR 7803, subd 1; see *Matter of Legal Aid Soc. v Scheinman,* 53 NY2d 12, 16; *Matter of National Auto Weld v Clynes,* 89 AD2d 689; *Matter of Finnerty v McDowell,* 36 AD2d 900; *Matter of Briggs v Lauman,* 21 AD2d 734, mot for lv to app den 15 NY2d 481; see, also, *Matter of Holtzman v Hellenbrand,* 92 AD2d 405, 408-409). Moreover, mandamus may not be invoked to review an alleged error of law in a pending criminal action, however egregious and however unreviewable that error may be by way of appeal (see *Matter of State of New York v King,* 36 NY2d 59, 62; *Matter of Finnerty v McDowell, supra*). Even were we to reach the merits, however, we would deny the writ. In our view, Criminal Term did not err in barring the defendant's reprosecution on those counts of the indictment which had been dismissed on the ground of evidentiary insufficiency at the defendant's first trial (see *People v Mayo, supra,* p 248, n 1; *People v Murray, supra; People v Coston, supra*). Mangano, J. P., Bracken, Niehoff and Rubin, JJ., concur.