■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY PETTERSON, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered January 6, 1983, convicting him of two counts of leaving the scene of an incident without reporting (Vehicle and Traffic Law, § 600, subd 2), upon a jury verdict, and imposing sentence. ¶ Judgment affirmed. This case is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). ¶ Sometime after midnight of February 21, 1982, defendant, returning home from a bar in Commack, struck and killed a 16-year-old boy and severely injured another 16-year-old boy. Later that day, police officers found defendant's truck and placed defendant under arrest. Although it appears that the defendant was intoxicated at the time of the collision, the People were apparently unable to prove that fact and, therefore, charged him with leaving the scene of an incident without reporting, as a felony (Vehicle and Traffic Law, § 600, subd 2). ¶ On this appeal, defendant argues, *inter alia,* that his guilt was not established beyond a reasonable doubt, because the evidence did not show that he caused injury or that he knew or had cause to know that injuries were sustained by his victims, and that it was impermissible to amend the indictment to correct a ministerial defect. We affirm. ¶ Examination of the record contains overwhelming evidence that the defendant left the scene without complying with the requisites of section 600 of the Vehicle and Traffic Law. Uncontradicted testimony established that the defendant stopped his truck following the impact, backed up, exited, walked back toward the victims, and, from an unobstructed well-illuminated view, stared at the dead boy's body. ¶ Contrary to defendant's claim, there is no requirement that the People establish proximate causation in accordance with the principles applicable to the law of torts and homicides. The statute "requires every motor vehicle operator, *whether culpable or not,* involved in an accident causing * * * personal injury, to remain at the scene of the accident" (*People v Samuel,* 29 NY2d 252, 258; emphasis supplied). In other words, the mere occurrence of an injury to another person is sufficient to trigger the statutory provisions, irrespective of whether the motorist is at fault (see *Campbell v Westmoreland Farm,* 403 F2d 939, 941; *Damelio v Machi,* 192 Misc 298, 300; *People v Orr,* 138 Misc 535, 536). ¶ *People v Berger* (61 Misc 2d 120 [App Term]), assuming that it was correctly decided,

is plainly distinguishable. In that case, the evidence established that the personal injuries resulted from the intentional act of the injured party and the vehicle operator's knowledge of the injury had not been sufficiently established. ¶ Defendant's challenge to the amendment of the indictment should also be rejected. The original two-count indictment charged that the defendant "while operating a motor vehicle, knowing or having cause to know that personal injury or personal injuries had been caused to another person due to his culpability, failed to stop * * * [and] failed to report said incident to the nearest police station or judicial officer as soon as he was physically able". Thus, in tracking the statutory language, the phrase "or due to accident", was inadvertently omitted. During the course of the trial, the court permitted an amendment, pursuant to CPL 200.70, to add that phrase to the indictment. ¶ CPL 200.70 abrogates the common-law rule precluding the correction of technical mistakes in indictments by permitting an amendment "with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like" provided that the theory of the prosecution, as reflected in the evidence before the Grand Jury, is not changed and the defendant is not otherwise prejudiced (see *People v Spann,* 56 NY2d 469; *People v Ceballos,* 98 AD2d 475). Since, as indicated, the motorist's culpability is not an element of the offense, and since the Grand Jury minutes plainly established that the theory presented to that body encompassed both culpable and nonculpable causation of injuries — the transcript is replete with reference to the word "accident" — the amendment was proper (see *People v Spann, supra; People v Murray,* 92 AD2d 617; *People v Heaton,* 59 AD2d 704; *People v Baker,* 46 AD2d 377, 382-383; *People v Charles,* 61 NY2d 321, 327-329; Indictment — Amendment — Circumstances, Ann., 17 ALR3d 1285, § 10). ¶ Nor do we perceive any meaningful prejudice. True, in his opening statement, defense counsel, in an attempt to attenuate the undisputable evidence of contact and injury, opted to concede that an "accident" had occurred. The nature of a motorist's conduct prior to the impact is not, however, an element of the crime charged and, having been injected into the trial by the defendant, it can hardly be said to have surprised him (see *People v Charles, supra; People v Spann, supra*). Moreover, by expressly taking defendant's culpability for the accident out of the case, defense counsel successfully precluded the introduction of extremely prejudicial testimony concerning the fact that his client had been drinking prior to the accident. ¶ In any event, counsel never stated unequivocally that the purported concession would not have been made but for the nomenclature of the indictment. He withdrew his request for an adjournment, at the time the amendment was granted, on the understanding that the court explain the reasons for the amendment at the appropriate time. The instructions subsequently given adequately explained the circumstances and counsel expressed complete satisfaction with them, registering no exception. ¶ In addition, defense counsel never sought a mistrial and his initial request for an opportunity to reopen was motivated by his desire to explain his remarks concerning culpability and not to withdraw his concession. Even now, defendant fails to specify what viable defense he was forced to forgo or how he was otherwise misled to his detriment (cf. *People v Covington,* 86 AD2d 877). ¶ We have carefully reviewed the defendant's other claims and find them to be without merit. Titone, J. P., Gibbons, Thompson and Boyers, JJ., concur.