■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW JACKSON, Appellant. — Weiss, J. Appeal from a judgment of the County Court of Greene County (Fromer, J.), rendered February 28, 1984, upon a verdict convicting defendant of the crime of attempted assault in the second degree.

On September 28, 1983, defendant was charged in a two-count indictment with attempted assault in the second degree resulting from an altercation with another inmate while incarcerated at Coxsackie Correctional Facility in Greene County. When Correction Officers Ralph Scott and William Dufkin interceded to break up the fight, defendant allegedly struck each in the face. Defendant testified that he did not realize he struck either

correction officer. After a jury trial, defendant was convicted on the first count of the indictment relating to Scott, but acquitted with respect to the Dufkin charge. He was sentenced as a second felony offender to an indeterminate term of 1½ to 3 years' imprisonment, consecutive to his undischarged term. This appeal ensued.

Defendant maintains that the trial court erred in allowing the indictment to be amended at the close of the People's case (CPL 200.70). Originally, defendant was charged with attempted assault in the second degree when, with intent to prevent a correction officer from performing a lawful duty, he *"caused physical injury* consisting of a bruise of the face to one Ralph Scott" (emphasis supplied) (*see,* Penal Law § 120.05 [3]). The second count tracked this language with respect to Dufkin. After defendant moved to dismiss the indictment on the basis that no evidence of physical injury was presented (Penal Law § 10.00 [9]), the People moved to amend both counts of the indictment by deleting the underscored phrase, and adding language that defendant did "attempt to cause a physical injury" to the correction officers. In our view, the theory of the indictment was not altered by this amendment. Since defendant was charged with but an attempt to commit an assault, it is clear that the indictment's allegations of actual physical injury were errors of form. The amendment, which served to clarify that only an attempt to cause physical injury was involved, did not alter the indictment, but rather conformed it to the actual theory of the prosecution. We discern no prejudice in this correction and conclude that the motion to amend the indictment was properly granted (CPL 200.70 [1]; *People v Murray,* 92 AD2d 617; *People v La Boy,* 91 AD2d 1102, 1103).

Defendant's remaining arguments are equally unavailing. Although defendant asserts that the prosecutor introduced the testimony of a prison official solely to prejudice him and made improper references during summation as to prison conditions, no objections were registered as to either matter during the trial. Any alleged error, then, was effectively waived (*People v Roberts,* 91 AD2d 1099, 1100). Nor are we persuaded that a reversal is warranted in the interest of justice (*see,* CPL 470.15 [6]). The prison official was properly produced to establish defendant's capacity as an inmate at the time of the incident, and the references to prison conditions were in response to defense counsel's statements and merely directed toward the need to maintain order.

We further conclude that the trial court sufficiently marshaled the evidence and gave adequate instructions to the jury

as to the amendment of the indictment, the presumption of innocence and the element of intent. Although the trial court neglected to place its denial of defendant's motion to dismiss the indictment on the record (*see,* CPL 290.10 [1]), defendant clearly had notice of the denial once the People's motion to amend the indictment was granted. The error, if any, was harmless (*People v Crimmins,* 36 NY2d 230). Finally, since defendant failed to move for a pretrial *Sandoval* hearing, his objection to the timing of the hearing after the close of the People's case is disingenuous at best. Moreover, the trial court exercised its discretion in defendant's behalf by excluding any references to defendant's prior assault conviction. In sum, defendant was clearly not denied a fair trial.

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr. and Harvey, JJ., concur.