■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINWOOD AMES, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County (Scheinman, J.), rendered May 29, 1981, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant, armed with a loaded gun, robbed a McDonald's restaurant in Huntington on October 11, 1980, aided by an unapprehended lookout. The five employees who were present at the time chose defendant's photograph from a group of seven photographs shown to them by a detective shortly after the robbery. Three of the employees subsequently selected a different photograph of defendant from a 17-photo array shown to them by detectives. In addition, two employees viewed two separate lineups and each picked out defendant. Apart from the conceded fact that defendant was the only person in both lineups who was not wearing shoes, there was no evidence of suggestive conduct on the part of the police detectives who conducted the photo or corporeal identification procedures. The hearing court denied defendant's motion to suppress the in-court identification of defendant by each of the five McDonald's employees, finding that each had a sufficient opportunity to observe defendant during the robbery. The court's decision did not address the fairness of the photo arrays or the lineups, but the two witnesses who identified

defendant at the lineups were permitted to so testify before the jury.

Although the lineups were arguably suggestive in that defendant was the only unshod participant, the court's failure to grant suppression of testimony concerning those lineups does not require reversal in this case, where only two of the five witnesses viewed the lineups and all five witnesses had a sufficient independent basis for the in-court identifications. Each had a good look at defendant's face in the well-lit restaurant during the 10- to 15-minute duration of the robbery and each gave an accurate and detailed description of defendant to the police. The witnesses' in-court identifications of defendant were, therefore, properly admitted as untainted by any arguably suggestive identification procedures *(see, People v Rahming,* 26 NY2d 411; *People v Adams,* 53 NY2d 241, 252; *People v MacKay,* 98 AD2d 732; *People v Hall,* 81 AD2d 644). If we were to assume that it was error to have allowed the People to introduce the testimony as to the identifications at the lineups, in light of the other strong identification testimony in this record, we would find such error to be harmless *(see, People v Magazine,* 106 AD2d 473).

Defendant further contends that the identifications should have been suppressed because he could not waive counsel at the lineups in the absence of an attorney who was representing him on another matter. This contention is without merit, as there is no right to counsel at a prearraignment lineup *(People v Hawkins,* 55 NY2d 474, *cert denied* 459 US 846).

During the trial, the court permitted the People to amend the indictment pursuant to CPL 200.70 (1), substituting the allegation that defendant stole property "from employees of McDonald's" for the original allegation that he stole property "from Amy Vanderpoel, an employee of McDonald's". Defendant contends that he was prejudiced by the amendment, which increased the number of complainants from one to five. However, here, as in *People v Petterson* (103 AD2d 811, 812), defendant "fails to specify what viable defense he was forced to forgo or how he was otherwise misled to his detriment". We find that the amendment was proper (CPL 200.70 [1]) and that the amended indictment satisfied the statutory and constitutional requirements of due process and fair notice *(see, People v Spann,* 56 NY2d 469, 473). The court properly charged the jury that all of the McDonald's employees were "owners" since they had possessory rights to McDonald's property superior to any right of defendant to take said property *(see, People v Lewis,* 71 AD2d 7, 13; *People v Hutchinson,* 56 NY2d 868,

869). The fact that the amended indictment increased the number of "owners" of the property did not result in any prejudice to defendant.

We find no merit to defendant's contention that the court should have charged robbery in the second degree as a lesser offense of robbery in the first degree on the theory that there was evidence from which the jury could find that the gun used by defendant during the robbery was inoperable. Inoperability of the gun used is an affirmative defense to robbery in the first degree (Penal Law § 160.15 [4]). The evidence showed that defendant pulled the trigger while pointing the gun at the restaurant manager when the latter hesitated to open the safe, but that the gun did not fire. Nevertheless, both the manager and another of the employees testified that after the trigger was pulled, they saw bullets in some but not all of the cylinders in the gun. This testimony explained the failure of the gun to fire. In view of this explanation and the lack of any evidence that the gun was inoperable, defendant was not entitled to the lesser charge he requested (see, People v Glover, 57 NY2d 61, 63; cf. People v Smith, 55 NY2d 888; People v Lockwood, 52 NY2d 790).

On April 9, 1981, defendant was adjudicated a second felony offender in another criminal matter, on the basis of an uncontroverted allegation that he had previously been convicted of a felony. That finding was binding on him at his May 29, 1981 sentencing as a second felony offender in this case and he may not now be heard to challenge that same underlying prior felony on this appeal (see, CPL 400.21 [8]).

Defendant's sentence was not unduly harsh or excessive.

We have reviewed defendant's other contentions and find them to be either without merit or unpreserved for our review. Gibbons, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.