■ In the Matter of JUDY SUSSKIND, Also Known as JUDY BOYD, Appellant, v BERNARD STANGER, as Judge of the Family Court, Rockland County, et al., Respondents.—In a proceeding pursuant to CPLR article 78 and article 9, seeking, *inter alia,* to prohibit the respondent Bernard Stanger, a Judge of the Family Court, Rockland County, from issuing or enforcing any orders to hold in escrow certain child support money and from proceeding with any hearings concerning the modification of child support and compliance with visitation rights, and for certification of the petitioner as representative of a class of persons similarly situated, the petitioner appeals from an order of the Supreme Court, Rockland County (West, J.), dated November 12, 1985, which, *inter alia,* granted the respondents' cross motions to dismiss the petition.

Order modified, on the law, by deleting the finding that the respondent Alfred Bialo was deprived of his visitation rights by the petitioner mother. As so modified, order affirmed, without costs or disbursements.

The petitioner Judy Susskind and the respondent Alfred Bialo were divorced for the second time in 1969 and have two children from their marriage, Laura, born in September 1965, and Matthew, born in April 1969. In January 1984, the mother made a *pro se* application to the Family Court, Rockland County, for an increase in child support payments. By order of the Family Court, Rockland County (Stanger, J.), dated March 1, 1984, the matter was referred for a hearing. The parties thereafter entered into a stipulation before the hearing officer which was then formalized in an order of the same court dated April 30, 1985. The order included a provi-

sion that the father pay $500 a term for the college education of his daughter, commencing with the January 1985 term, and pay the sum of $130 per week per child for their support. These moneys were to be paid to the Support Collection Unit of the County of Rockland (hereinafter the Collection Unit).

In May 1985, the father wrote to the respondent Judge Stanger complaining that his visitation rights were being violated and that certain college tuition moneys which he had paid under the terms of the April 30, 1985, order were misused.

Judge Stanger directed the Clerk of the court to notify the father and mother to appear on July 12, 1985, for a review of the matter. The matter was adjourned to July 31, 1985, and although the mother did not appear on that date, Judge Stanger directed that the child support payments be held in escrow with the Collection Unit which received the payments from the father. The matter was adjourned again to September 24, 1985, at which time the mother appeared, represented by an Assistant County Attorney, along with the father before Judge Stanger. The mother denied the father's claims that there were problems with visitation and, over the objection of the Assistant County Attorney, Judge Stanger directed that the child support payments continue to be held in escrow, releasing only a portion of the collected moneys to the mother, and scheduled the matter for a hearing before him on December 13, 1985.

The mother then commenced this proceeding in the Supreme Court, Rockland County, stating in her verified petition that it was "partially in the nature of prohibition, partially in the nature of mandamus and partially a class action", and seeking, *inter alia,* a writ of prohibition, an injunction against Judge Stanger, and various other relief. She alleged that she did not receive prior notice of her husband's claims to the Family Court concerning the denial of visitation and misuse of the child support money, and that the payments were held in escrow in violation of her due process rights.

On this appeal, the mother challenges Special Term's dismissal of her petition on numerous grounds, including the contention that she is entitled to the remedy of prohibition because her constitutional due process rights were violated by the Family Court's actions. We find, however, that contrary to her assertions, this extraordinary remedy was properly denied to the mother by Special Term as there are adequate remedies at law available to her *(see, Matter of Dondi v Jones,* 40 NY2d

8). Moreover, as correctly pointed out by the father, the remedy of mandamus is also not available to review the discretionary determination of the respondent Judge Stanger *(see, Matter of Santucci v Dufficy,* 99 AD2d 813).

Having rendered this determination, we need not address the other contentions raised by the mother on this appeal. We note, however, that the copy of the transcripts of the July 12 and July 31, 1985, proceedings in the Family Court, annexed as exhibits to the mother's brief, are not properly before this court as they were not submitted to Special Term for its review and consideration in this proceeding.

Also, with respect to Special Term's finding that the father was deprived of visitation with his children by the mother, as the Family Court directed that this issue be determined at a hearing, we find that it was improperly addressed by Special Term. Thompson, J. P., Brown, Weinstein and Rubin, JJ., concur.