OPINION OF THE COURT
Eugene J. Berkowitz, J.
Defendant herein was indicted for attempted murder in the *702 second degree, assault in the first degree and criminal use of a firearm in the first degree. The indictment as it presently stands accuses the defendant as having committed said crimes as the principal actor.
The People now move this court for an order amending the indictment to incorporate the language "acting in concert with another” to reflect the defendant’s culpability as testified to before the Grand Jury.
Defendant opposes the instant motion on the grounds that the prosecution’s proposed charge would alter defendant’s independent criminal liability to criminal liability for the conduct of another. Defendant further alleges that such change is substantive and affects the theory of prosecution in violation of CPL 200.70 and does actually prejudice the defendant on the merits.
Although numerous cases have been published regarding amendments to indictments affecting the theory of prosecution, the specific issue in the case at bar appears to be one of first impression.
CPL 200.70 reads in pertinent part as follows: "1. At any time before or during trial, the court may, upon application of the people and with notice to the defendant and opportunity to be heard, order the amendment of an indictment with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits.”
The court finds no merit to the defendant’s arguments that the proposed amendment would change the theory of the prosecution as reflected in the evidence before the Grand Jury which filed such indictment.
A review of the Grand Jury minutes discloses testimony that the defendant instructed her boyfriend to "kill” the intended victim and that it was defendant’s boyfriend who actually possessed the gun and fired the shots. At the conclusion of the testimony the Grand Jury was instructed, inter alia, on the law of acting in concert. (See, Penal Law § 20.00.)
Thus, it is clear that such an amendment will not change the theory of the prosecution’s case as presented to the Grand Jury. (See, People v Carmona, 124 Misc 2d 1045.)
The purpose of an indictment is threefold: (1) to provide *703 defendant with fair notice of the accusations against him and to allow him to prepare a defense; (2) to insure that the crime for which the defendant is tried is the same as intended by the Grand Jury, and (3) to protect the defendant against double jeopardy by specifying the specific crime for which he was tried. (People v Baker, 133 Misc 2d 31, 34; People v Iannone, 45 NY2d 589.)
In the case at bar, there can be no dispute that defendant was given fair notice of the charges against her. The proposed amendment to the indictment will merely conform the language of said indictment to accurately reflect the criminal conduct for which the Grand Jury intended she be prosecuted.
Moreover, the voluntary disclosure form provided to defense counsel properly indicates that the defendant was acting with another when this incident occurred. Defendant does not, and cannot, contend that she was unaware of the crimes for which she was charged, nor does she set forth specifically any actual prejudice that has or will occur as a result of the People’s request. (People v Iannone, supra.) Certainly, the defendant cannot claim surprise or an inability to prepare a defense should the People’s motion be granted.
The case of People v Boyd (59 AD2d 558 [2d Dept]), relied on by the defendant, can be distinguished from the case now before the court. In Boyd (supra, at 560), the court held: "We find that the words in the indictment 'each aiding the other and being actually present’ do concern the theory of the case as presented to the Grand Jury * * * The trial court did not have the power to delete or change those words.” (Emphasis added.)
By analogy, where the appellate court held that the trial court could not delete the words "each aiding the other” where such was the theory of the case presented to the Grand Jury, a trial court could properly allow the insertion of such language where the Grand Jury minutes and instructions support such theory.
Similarly, in People v Hill (102 Misc 2d 814), also cited by the defendant, the court would not permit the prosecution to amend the indictment by striking out the term "acting in concert”. " '[A]cting in concert’ is still the theory by which the District Attorney’s office presented this case originally to the Grand Jury. The fact that the charges against the codefendant were later dismissed, cannot be grounds for an amendment, on the eve of trial, to change the 'theory’ of the *704 prosecution as presented before the Grand Jury. This would certainly prejudice the defendant on the merits in his preparation of this case for trial.
"By eliminating the term 'acting in concert’ from certain counts in this indictment, this would clearly change the theory of the prosecution as reflected by the evidence before the Grand Jury. ” (People v Hill, supra, at 815-816; emphasis supplied.)
Again, the situation in Hill (supra), like that in Boyd (supra), is opposite that which now confronts the court where the People seek to include the term "acting in concert” because it was, in fact, the theory of the People’s case in the presentment to the Grand Jury.
It is the court’s opinion that such amendment is proper under the circumstances herein.
Accordingly, for the reasons set forth above, the People’s motion to amend the indictment is granted.