OPINION OF THE COURT
Martin Marcus, J.
In this case the Grand Jury voted to indict the defendants for various crimes, many of which were inadvertently omitted *235 from the indictment when it was filed. This decision considers whether the indictment may be amended pursuant to CPL 200.70 to add one of the omitted counts. Because I find that subdivision (2) of that section prohibits such an amendment, the People’s motion to amend the indictment is hereby denied.
Motions have been made by the People and by two of the defendants, Jose Torres and Pedro DeJesus. The People have moved to amend the indictment, seeking the dismissal of 6 counts and the addition of 1. In his omnibus motions, the defendant Torres has moved for inspection of the Grand Jury minutes and for dismissal of the charges against him. The defendant DeJesus, who has already made omnibus motions, now requests reconsideration of his previous requests for discovery, inspection of the Grand Jury minutes, and dismissal of the indictment, and for Mapp and Wade hearings. Except as noted below, each side opposes the other’s motions.
The indictment charges each of the defendants with seven counts of criminal sale of a controlled substance in the third degree in violation of Penal Law § 220.39 ("sale counts”), and one count of criminal possession of a controlled substance in the third degree in violation of Penal Law § 220.16 (a "possession count”). The indictment alleges that the defendants acted in concert in the commission of each of the crimes charged. The sparse instructions given to the Grand Jury leave unclear which counts relate to what conduct. It appears, however, that the first of the sale counts relates to an alleged sale of narcotics to an undercover police officer, and that the other six relate to "observation sales”, that is, sales allegedly made to persons not part of the undercover operation and observed by one of the investigators backing up the undercover officer.
As part of their motion to amend the indictment, the People now ask to dismiss the six observation sale counts, acknowledging the insufficiency of the evidence to establish that what the unapprehended buyers purchased was in fact cocaine. (Cf., People v Jewsbury, 115 AD2d 341 [4th Dept 1985].) Accordingly, counts 2 through 7 of the indictment, charging each of the three defendants with criminal sale of a controlled substance in the third degree, are hereby dismissed.
The People also ask to add to the indictment a second count charging the defendants with criminal possession of a controlled substance in the third degree. While only one possession count appears in the indictment, the Grand Jury minutes reflect that a total of eight such counts were presented to the *236 Grand Jury. Again the instructions to the Grand Jury do not specify the subject matter of each of these counts, but it is evident that one count concerns possession of the narcotics allegedly sold to the undercover, one possession of additional narcotics allegedly seized from the defendant DeJesus, and six others possession of those allegedly sold in each of the observation sales.
The People have submitted to the court the Grand Jury’s work sheet and an indictment sheet prepared by the District Attorney’s office. Both reflect the Grand Jury’s votes, and both indicate that the Grand Jury voted true bills against all three defendants on a total of eight possession charges. For the same reason that they have abandoned the observations sale counts, however, the People do not intend to pursue further the six possession charges relating to the observation sales. They do seek to add to the indictment one of the seven omitted possession counts, in order that the defendants be charged in one count with possession of the narcotics allegedly sold to the undercover and in another with possession of the narcotics allegedly taken from the defendant Dejesus’s person.
As the People contend, their motion to amend meets the requirements set forth in CPL 200.70 (1). The statute permits such a motion to be made "[a]t any time before or during trial”. This motion, which is made well in advance of trial, is surely timely. (See, People v Ames, 115 AD2d 543 [2d Dept 1985] [indictment during trial permitted].) The statute provides that an amendment may not "change * * * the theory or theories of the prosecution as reflected in the evidence before the grand jury” (CPL 200.70 [2]). Here, there was evidence submitted to support each of the possession counts presented to the Grand Jury, which in fact voted to return them all. Thus the amendment does not change the theory of the prosecution, but more closely conforms the indictment to it. (Cf., People v Boyd, 59 AD2d 558, 560 [2d Dept 1977] [error to amend an indictment to delete or change the words " 'each aiding the other and being actually present’ ” where that was theory of case presented in the Grand Jury].)
Finally, section 200.70 (1) provides that an amendment may not "otherwise tend to prejudice the defendants] on the merits.” Here the defendants were arraigned in Criminal Court upon a complaint that included all the conduct the amended indictment would charge. Moreover, after their Supreme Court arraignment they received copies of the vouchers *237 and laboratory analyses relating to both possession charges the amended indictment would contain. In these circumstances, the defendants cannot claim to have been surprised by the amendment, nor would they be prejudiced in any other way by it. (See, People v Feliz, 136 Misc 2d 701, 704 [Sup Ct, Queens County 1987] [no prejudice by amendment to add " 'acting in concert’ ” language to indictment where voluntary disclosure form indicated that this was theory of People’s case]; see also, People v Ames, 115 AD2d 543 [2d Dept 1985], supra.)
While the prerequisites for an amendment pursuant to CPL 200.70 (1) have been met, the question remains whether this is the kind of amendment authorized by this statute. The People assert that section 200.70 not only permits a court to amend a count already charged in an indictment, but also authorizes the addition to the indictment of an entirely new count. In support of this novel proposition, they have submitted an unusually thorough and well-researched memorandum of law, which on this point is nonetheless unconvincing.
CPL 190.65 requires that once a Grand Jury votes to return an indictment, it must be filed with the court by the foreperson of the Grand Jury. While that provision does not explicitly state that each and every count returned by the Grand Jury must be included in the filing, there is no basis upon which to read into its unqualified language the discretion to omit any counts. In this sense, the filing of an indictment including every count is purely a "ministerial” act. In this same sense, the People’s inadvertent omission of certain counts from this indictment is a "ministerial” error. Many kinds of ministerial errors may be corrected by resort to CPL 200.70. This kind, however, may not.
The People note that section 200.70 gives a court power to remedy "clerical,” "typographical,” "technical,” or "inadvertent” errors in an indictment, so long as the amendment does not alter the theory of the case as presented to the Grand Jury. They point to one case in which a count charging an attempt to commit a crime was amended to charge the commission of the crime itself. (People v Weeks, 126 AD2d 857 [3d Dept 1987].) They point to another case approving an amendment making precisely the opposite change. (People v Jackson, 111 AD2d 983 [3d Dept 1985].) They note that indictments have been amended to change a narcotics count from alleging that the drug sold was cannabis to one that alleges it was heroin (People v Heaton, 59 AD2d 704 [2d Dept 1977]), and to *238 add to a count factual allegations (not constituting a necessary element of the offense) which were inadvertently omitted (People v Petterson, 103 AD2d 811 [2d Dept 1984]).
They cite, however, no authority permitting an amendment adding a count not already present in an indictment. This may be because, on its face, the statute appears to preclude such an amendment. Simply put, while subdivision (1) of CPL 200.70 permits an amendment to correct "defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like,” subdivision (2) specifically prohibits an amendment to be made for the purpose of curing, inter alla, "A failure thereof to charge or state an offense”. (CPL 200.70 [2] [a].)
In their memorandum of law, the People claim that People v Murray (92 AD2d 617 [2d Dept 1983]) "clearly supports” their contention that this kind of amendment is permissible. In that case, the defendant had been charged in an indictment with, inter alla, murder in the second degree (Penal Law § 125.25 [3]) ("felony murder”), and robbery in the first degree. The felony murder count alleged robbery as the predicate offense, that is, the offense in the course of which the death of the victim had allegedly occurred. At the defendant’s first trial, the court found insufficient evidence of a completed robbery. The court then dismissed the robbery count, submitted the lesser included charge of attempted robbery to the jury, and (without objection) amended the felony murder count to make attempted robbery the predicate crime. The jury failed to reach a verdict on either of these two counts.
At the retrial, in which the defendant was charged with neither robbery nor attempted robbery as a substantive offense, the court again amended the felony murder count, this time making robbery and attempted robbery alternative predicates. Ultimately the court submitted the felony murder count to the jury with attempted murder as the only predicate, and the jury convicted the defendant on that count.
On appeal, the Second Department found that the prosecutor had presented the felony murder count to the Grand Jury with both robbery and attempted robbery as predicates, and that attempted robbery had been omitted as a predicate in the indictment only because of a "typographical error.” On that basis, it upheld the amendment at the second trial. That amendment, however, cannot fairly be described as having added to the indictment a crime not originally alleged in it, *239 since it added attempted robbery only as a predicate within the already existing felony murder count, and not as a separate substantive count. Murray (supra) thus provides no authority for the proposition the People advance here.
The prosecution relies also on People v Gray (157 AD2d 596 [1st Dept 1990]), which sustained the amendment of an indictment containing a burglary charge. Before the amendment, the burglary count charged an offense under subdivision (1) of Penal Law § 140.25, alleging that the defendant caused physical injury to a nonparticipant in the course of the burglary. After the amendment, it charged an offense under subdivision (2), alleging that the building the defendant burglarized was a dwelling. The First Department found the amendment consistent with the evidence and instructions presented to the Grand Jury, and held that, as in Murray (supra), the amendment "corrected] a clerical error and conform[ed] the indictment to the theory of the prosecution”. (Supra, at 597.) However, this amendment, too, merely altered a count already present in the indictment. (See also, People v Baker, 46 AD2d 377 [2d Dept 1974].)
Indeed, what appears to be the only reported case on point, People v Salley (133 Misc 2d 447 [Dist Ct, Nassau County 1986]), contradicts the People’s position here. There, after the defendant was arraigned on a prosecutor’s information charging him with three misdemeanors, a District Court information was filed charging him with several additional and different offenses. The People sought to characterize the new information as an amendment to the original one, but the court, applying the provisions of CPL 200.70 (as directed by CPL 100.45 [2]), dismissed the new charges. Finding that such an amendment would go "far beyond the permissible modifications as to matters of form”, the court held the new information to be an attempt "to cure a failure to charge or state [an] offense * * * in contravention of section 200.70.” (Supra, at 450.)
While the First Department has not addressed this particular issue, it has considered another aspect of CPL 200.70 (2) limiting the availability of a motion to amend. In People v Sollars (91 AD2d 909 [1st Dept 1983]), the defendant was charged with two counts of robbery in the first degree. One count alleged that the defendant was armed with a knife, but failed to charge a necessary element of the crime, that he used or threatened the immediate use of the knife. A second count, which erroneously alleged that he, rather than another *240 participant in the crime, possessed a razor, also failed to allege that the possessor threatened its immediate use. The trial court amended both counts of the indictment to add the omitted factual allegations, and ultimately combined the two counts into one. On appeal, the People argued that the amendments merely conformed the indictment to the facts presented to the Grand Jury. Nonetheless, because section 200.70 (2) (b) prohibits an amendment intended to cure the "[l]egal insufficiency of the factual allegations”, the court found these amendments improper and dismissed the conviction for robbery in the first degree. (Cf., People v Renford, 125 AD2d 967 [4th Dept 1986], lv denied 69 NY2d 885 [1987] [amendment to correct a failure to allege the value of property in a grand larceny count proper where factual allegations in the count "permit the sole conclusion” that value of property exceeded $250].) Thus the prohibitions of section 200.70 (2) apply, even where the prerequisites for an amendment set forth in section 200.70 (1) are met.
It is clear in this case that the error was inadvertent, the motion to amend timely, the theory of the prosecution unchanged, and the amendment requested without prejudice to the defendants. It is also clear, however, that the amendment the People seek is explicitly prohibited by CPL 200.70 (2). Accordingly, their motion to add an additional possession count to the indictment must be denied.
With regard to the remaining two counts of the indictment, which charge all three defendants with the sale and possession of the narcotics allegedly sold to the undercover officer, the defendant Torres’ motions for inspection of the Grand Jury minutes is granted to the extent that the court has inspected and reviewed the minutes. The evidence presented to the Grand Jury was sufficient to sustain these counts against the defendant, and his motion to dismiss the counts on this ground is denied. His motion to dismiss the counts on the ground that the District Attorney’s legal instructions to the Grand Jury were insufficient is also denied. The instructions were not defective within the meaning of CPL 210.35.
In his supplemental motions, the defendant DeJesus raises issues that have previously been resolved by another Justice of this court, and there is no reason or basis for the court to reconsider any but one of those motions. In support of his motion to suppress the heroin and money allegedly seized from his person, however, the defendant does allege new facts supporting his prior claim that the search was incident to an *241 unlawful arrest. The People maintain, of course, that the search and arrest were lawful. Based on the defendant’s supplemental allegations, a hearing is ordered to determine if the property was seized lawfully.
With regard to the request of the defendant Torres for permission to file subsequent motions, the court will consider whether to entertain any such motions, if and when made, pursuant to CPL 255.20 (3).